IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Verséa Holdings, Inc., | ) | Case No. 8:22-cv-00414-JFB-SMB |
| | ) | |
|     Plaintiff and | ) | |
|     Counterclaim Defendant, | ) | |
| | ) | **DEFENDANTS' ANSWER,** |
| vs. | ) | **COUNTERCLAIM, AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| GS Labs and Gabe Sullivan, | ) | |
| | ) | |
|     Defendants and | ) | |
|     Counterclaim Plaintiffs. | ) | |

COME NOW Defendants, GS Labs and Gabe Sullivan (collectively, "Defendants"), by and through their counsel, and for their Answer to the Amended Complaint filed by Plaintiff Versèa Holdings, Inc. ("Verséa"), state and allege as follows:

1.    Defendants admit Paragraph 1 of Verséa's Amended Complaint.

2.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of Verséa's Amended Complaint; thus, Defendants deny the allegations in Paragraph 2.

3.    In response to Paragraph 3 of Verséa's Amended Complaint, Defendants admit that GS Labs is a Nebraska limited liability company with its principal place of business in Omaha, Nebraska. Defendants deny the remaining allegations in Paragraph 3.

4.    Defendants deny Paragraph 4 of Verséa's Amended Complaint.

5.    Defendants deny Paragraph 5 of Verséa's Amended Complaint.

6.    Defendants deny Paragraph 6 of Verséa's Amended Complaint.

7.    In response to Paragraph 7 of Verséa's Amended Complaint, Defendants admit the U.S. District Court for the District of Nebraska has personal jurisdiction over them in this lawsuit. Defendants, however, deny that any state or federal court in the State of Florida (including, but not limited to, the U.S. District Court for the Middle District of

Florida) has personal jurisdiction over them. Defendants deny any remaining allegations in Paragraph 7.

8.      Defendants admit Paragraph 8 of Verséa's Amended Complaint.

9.      In response to Paragraph 9 of Verséa's Amended Complaint, Defendants admit that venue for this lawsuit is proper in the U.S. District Court for the District of Nebraska. Defendants, however, deny that venue for this lawsuit is proper in any state or federal court in the State of Florida (including, but not limited to, the U.S. District Court for the Middle District of Florida). Defendants deny any remaining allegations in Paragraph 9.

10.     In response to Paragraph 10 of Verséa's Amended Complaint, Defendants admit that Verséa's lawsuit seeks alleged damages that exceed $75,000, excluding costs. Defendants further admit the amount in controversy and the diversity of the parties in this lawsuit permits subject-matter jurisdiction in the U.S. District Court for the District of Nebraska. Defendants deny any remaining allegations in Paragraph 10.

11.     Defendants deny Paragraph 11 of Verséa's Amended Complaint.

12.     Defendants deny Paragraph 12 of Verséa's Amended Complaint.

13.     Defendants deny Paragraph 13 of Verséa's Amended Complaint.

14.     In response to Paragraph 14 of Verséa's Amended Complaint, Defendants admit that Verséa shipped certain COVID-19 tests to GS Labs in Omaha, Nebraska, in approximately February 2022. Defendants deny any remaining allegations in Paragraph 14.

15.     Defendants deny Paragraph 15 of Verséa's Amended Complaint.

16.     Defendants deny Paragraph 16 of Verséa's Amended Complaint.

17.     In response to Paragraph 17 of Verséa's Amended Complaint, Defendants state the letter attached as Exhibit "C" to Verséa's Amended Complaint speaks for itself and Defendants deny Verséa's attempt to partially summarize or state any of its contents here; thus, Defendants deny Paragraph 17, except to the extent they contain any admissions against Verséa's interests.

18.     Defendants deny Paragraph 18 of Verséa's Amended Complaint.

19.     In response to Paragraph 19 of Verséa's Amended Complaint, Defendants admit that in or around the spring of 2022, Verséa asked for the return of certain COVID-19 tests that it had improperly shipped to GS Labs in Omaha, Nebraska. Defendants deny any remaining allegations in Paragraph 19.

20.     In response to Paragraph 20 of Verséa's Amended Complaint, Defendants state the document attached as Exhibit "C" to Verséa's Amended Complaint speaks for itself and Defendants deny Verséa's attempt to partially summarize or state any of its contents here; thus, Defendants deny Paragraph 20, except to the extent they contain any admissions against Verséa's interests.

21.     In response to Paragraph 21 of Verséa's Amended Complaint, Defendants admit that GS Labs returned certain COVID-19 tests to Verséa. Defendants deny any remaining allegations in Paragraph 21.

22.     Defendants deny Paragraph 22 of Verséa's Amended Complaint.

23.     Defendants deny Paragraph 23 of Verséa's Amended Complaint.

24.     Defendants deny Paragraph 24 of Verséa's Amended Complaint.

25.     Defendants deny Paragraph 25 of Verséa's Amended Complaint.

## COUNT I:
### [alleged] Breach of Contract Claim

26.     Defendants reincorporate herein Paragraphs 1 through 25 of their Answer to Verséa's Amended Complaint as if fully set forth again.

27.     Defendants deny Paragraph 27 of Verséa's Amended Complaint.

28.     Defendants deny Paragraph 28 of Verséa's Amended Complaint.

29.     In response to Paragraph 29 of Verséa's Amended Complaint, Defendants admit Verséa shipped certain COVID-19 tests to GS Labs in Omaha, Nebraska. Defendants deny any remaining allegations in Paragraph 29 of Verséa's Amended Complaint.

30.     Defendants deny Paragraph 30 of Verséa's Amended Complaint.

31.     Defendants deny Paragraph 31 of Verséa's Amended Complaint.

32.     Defendants deny Paragraph 32 of Verséa's Amended Complaint.

33.     Defendants deny Paragraph 33 of Verséa's Amended Complaint.

34.     Defendants deny Paragraph 34 of Verséa's Amended Complaint.

35.     Defendants deny Paragraph 35 of Verséa's Amended Complaint.

36.     Defendants deny Paragraph 36 of Verséa's Amended Complaint.

## COUNT II:
### [alleged] Unjust Enrichment Claim

37.     Defendants reincorporate herein Paragraphs 1 through 36 of their Answer to Verséa's Amended Complaint as if fully set forth again.

38.     Defendants deny Paragraph 38 of Verséa's Amended Complaint.

39.     Defendants deny Paragraph 39 of Verséa's Amended Complaint.

40.     In response to Paragraph 40 of Verséa's Amended Complaint, Defendants admit Verséa shipped certain COVID-19 tests to GS Labs in Omaha, Nebraska. Defendants deny any remaining allegations in Paragraph 40 of Verséa's Amended Complaint.

41.     Defendants deny Paragraph 41 of Verséa's Amended Complaint.

42.     Defendants deny Paragraph 42 of Verséa's Amended Complaint.

43.     Defendants deny Paragraph 43 of Verséa's Amended Complaint.

44.     Defendants deny Paragraph 44 of Verséa's Amended Complaint.

45.     Defendants deny Paragraph 45 of Verséa's Amended Complaint.

46.     Defendants deny Paragraph 46 of Verséa's Amended Complaint.

47.     Defendants deny Paragraph 47 of Verséa's Amended Complaint.

## COUNT III:
### [alleged] Quantum Meruit Claim

48.     Defendants reincorporate herein Paragraphs 1 through 47 of their Answer to Verséa's Amended Complaint as if fully set forth again.

49.     Defendants deny Paragraph 49 of Verséa's Amended Complaint.

50.     Defendants deny Paragraph 50 of Verséa's Amended Complaint.

51.     Defendants deny Paragraph 51 of Verséa's Amended Complaint.

52.     In response to Paragraph 52 of Verséa's Amended Complaint, Defendants admit Verséa shipped certain COVID-19 tests to GS Labs in Omaha, Nebraska. Defendants deny any remaining allegations in Paragraph 52 of Verséa's Amended Complaint.

53.     Defendants deny Paragraph 53 of Verséa's Amended Complaint.

54.     Defendants deny Paragraph 54 of Verséa's Amended Complaint.

55.     Defendants deny Paragraph 55 of Verséa's Amended Complaint.

56.     Defendants deny Paragraph 56 of Verséa's Amended Complaint.

57.     Defendants deny Paragraph 57 of Verséa's Amended Complaint.

58.     Defendants deny Paragraph 58 of Verséa's Amended Complaint.

59.     Defendants deny Paragraph 59 of Verséa's Amended Complaint.

## COUNT IV:
### [alleged] Action in Equity to Enforce Claim to Attorney's Fees and Cost Claim

60.     Defendants reincorporate herein Paragraphs 1 through 59 of their Answer to Verséa's Amended Complaint as if fully set forth again.

61.     Defendants deny Paragraph 61 of Verséa's Amended Complaint.

62.     Defendants deny Paragraph 62 of Verséa's Amended Complaint.

63.     Defendants deny Paragraph 63 of Verséa's Amended Complaint.

64.     Defendants generally deny each and every one of the allegations in Verséa's Amended Complaint, except for those allegations that constitute an admission against Verséa's interests or those allegations that are specifically admitted herein.

65.     Defendants state that one or more and/or all of the laws of the State of Nebraska apply to Verséa's claims and/or Defendants' claims / affirmative defenses.

66.     Defendants assert there is no personal jurisdiction or venue over Defendants in any state or federal court of Florida (including, but not limited to, in the U.S. District Court for the Middle District of Florida). Defendants, therefore, assert and maintain any and all defenses to Verséa's Amended Complaint, including all claims therein, based upon a lack of personal jurisdiction and venue over Defendants in the state and federal courts of Florida. Defendants hereby move to dismiss Verséa's Amended

Complaint against Defendants under FED. R. CIV. P. 12(b)(2) and 12(b)(3) based upon a lack of personal jurisdiction and improper venue over Defendants in the state and federal courts of Florida (including, but not limited to, in the U.S. District Court for the Middle District of Florida).

## AFFIRMATIVE DEFENSES

1.      Verséa's Amended Complaint fails to state a claim upon which relief may be granted.

2.      Defendants affirmatively allege there is no personal jurisdiction or venue over Defendants in any state or federal court of Florida (including, but not limited to, in the U.S. District Court for the Middle District of Florida). Defendants, therefore, assert and maintain any and all defenses to Verséa's Amended Complaint, including all claims therein, based upon a lack of personal jurisdiction and venue over Defendants in the state and federal courts of Florida. Defendants hereby move to dismiss Verséa's Amended Complaint against Defendants under FED. R. CIV. P. 12(b)(2) and 12(b)(3) based upon a lack of personal jurisdiction and improper venue over Defendants in the state and federal courts of Florida (including, but not limited to, in the U.S. District Court for the Middle District of Florida).

3.      Verséa's Amended Complaint, including all claims therein, is barred by the statute of frauds.

4.      One or more and/or all of the events and/or damages alleged in Verséa's Amended Complaint were caused in whole or in part by the comparative or contributory fault and/or negligence of Verséa and/or its agents, employees, and/or joint venturers.

5.      One or more and/or all of the events and/or damages alleged in Verséa's Amended Complaint were caused by one or more intervening, superseding causes unrelated to any of Defendants' alleged actions and/or inactions.

6.      Verséa has failed to join one or more necessary parties to its Amended Complaint.

7.      Verséa assumed the risk of any damages, injuries, or other losses that Verséa claims it suffered in this case.

8.      Defendants allege the defenses of anticipatory breach, lack of and/or failure of consideration, impossibility, legal rescission, repudiation, and voidance.

9.      Defendants allege the defenses of fraud in the inducement, fraudulent / false misrepresentation, fraudulent concealment, and material misrepresentation.

10.      Verséa's claims are barred in whole or in part by the doctrines of estoppel, laches, unclean hands, and/or waiver.

11.      Defendants allege the defenses of offset and setoff.

12.      Verséa has failed to mitigate its alleged damages, if any.

13.      Defendants reserves the right to assert any additional affirmative defenses that become known as this lawsuit progresses.

WHEREFORE, Defendants pray that the Court dismisses Verséa's Amended Complaint with prejudice; enters judgment in Defendants' favor; taxes the costs of this action to Verséa; award Defendants their attorney fees; and award Defendants any further just and equitable relief that this Court deems appropriate.

## COUNTERCLAIM

COME NOW Defendants and Counterclaim Plaintiffs, GS Labs LLC and Gabriel Sullivan, by and through their counsel, and for their Counterclaim against Plaintiff, Versèa Holdings, Inc., state and alleges as follows:

## PARTIES

1.      Counterclaim Plaintiff, GS Labs LLC ("GS Labs"), is a Nebraska limited liability company, with its principal place of business located in Omaha, Douglas County, Nebraska.

2.      Counterclaim Plaintiff, Gabriel Sullivan ("Mr. Sullivan"), is a resident of Omaha, Douglas County, Nebraska. Mr. Sullivan has been a resident of, and domiciled in, Omaha, Nebraska, for the last more than 25 years.

3.      Counterclaim Defendant, Verséa Holdings, Inc. ("Verséa"), is a Delaware corporation, with its principal place of business located in Tampa, Florida.

**JURISDICTION AND VENUE**

4.      This Court has subject-matter jurisdiction over the above-captioned lawsuit pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332(a), and 28 U.S.C. § 1367(a).

5.      This Court has personal jurisdiction over Verséa pursuant to the Fourteenth Amendment to the Constitution of the United States of American and NEB. REV. STAT. §25-536 because Verséa has transacted business and/or supplied services or goods in Nebraska. In addition, personal jurisdiction over Verséa complies with the Constitutions of Nebraska and the United States.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because GS Labs and Mr. Sullivan are residents of Nebraska and a substantial part of the events or omissions giving rise to their Counterclaim occurred within Nebraska.

**BACKGROUND**

7.      In approximately January 2020, GS Labs was organized in Nebraska.

8.      GS Labs is a company that, among other things, performs COVID-19 testing and other laboratory work for individuals.

9.      Mr. Sullivan is one of the founders of GS Labs. Mr. Sullivan has worked with and on behalf of GS Labs since that time.

10.     GS Labs has no business locations in Florida. GS Labs does not own or lease any real or personal property within the State of Florida. GS Labs has no offices, employees, or agents in Florida.

11.     Mr. Sullivan has never traveled to Florida for the purpose of conducting business on behalf of GS Labs.

12.     In or around January 2022, Mr. Sullivan learned that Verséa was a wholesale distributor of COVD-19 tests.

13.     In January 2022, Mr. Sullivan, on behalf of GS Labs, called an employee at Verséa to inquire about a potential purchase of COVID-19 tests from Verséa. Mr. Sullivan had this conversation over the phone while he was in Nebraska.

14.     After Verséa spoke with Mr. Sullivan, Verséa shipped thousands of COVID-19 tests to GS Labs in Omaha, Nebraska, which Mr. Sullivan and GS Labs did

not order or purchase from Verséa. Verséa now incorrectly claims that Mr. Sullivan and GS Labs owe Verséa more than $500,000 for these tests.

15.     Within a short amount of time after Verséa shipped the COVID-19 tests to Omaha, Nebraska, Mr. Sullivan, on behalf of GS Labs, engaged in additional phone and written correspondence with Verséa employees regarding their shipment of these tests to Nebraska.

16.     During these communications, Mr. Sullivan, on behalf of GS Labs, told Verséa that neither Mr. Sullivan nor GS Labs had ever ordered or purchased the thousands of COVID-19 tests that Verséa wrongfully claimed that Mr. Sullivan and GS Labs had purchased.

17.     As a result, Mr. Sullivan, on behalf of GS Labs, told Verséa that GS Labs would be returning the tests that were not ordered and were not used. And GS Labs did, in fact, return those tests to Verséa.

18.     As a result of Verséa's actions and/or omissions (including, but not limited to, its wrongful shipment of the tests to GS Labs), GS Labs has incurred and/or will incur damages in excess of $75,000, exclusive of interest and costs, in damages, fees, and expenses, including, but not limited to, shipping costs, lost time, lost income, lost profits, and other incidental and consequential damages in an amount to be proven at trial.

19.     All of the communications that Mr. Sullivan and GS Labs, by and through Mr. Sullivan, had with Verséa took place while Mr. Sullivan and GS Labs were located in Nebraska.

20.     During all the communications that Mr. Sullivan had with Verséa, neither Mr. Sullivan nor GS Labs were carrying on any business activities in Florida and were not soliciting business in Florida.

21.     Neither Mr. Sullivan nor anyone else from GS Labs ever traveled to or went into Florida with regard to any interactions or communications that Mr. Sullivan and GS Labs had with Verséa, nor did Mr. Sullivan or GS Labs ever travel or go into Florida with respect to the COVID-19 tests that Verséa shipped to GS Labs.

22.    Neither Mr. Sullivan nor GS Labs ever entered into any written contracts or agreements with Verséa to buy any COVID-19 tests from Verséa.

23.    Neither Mr. Sullivan nor GS Labs ever signed or submitted any purchase orders to Verséa with respect to the COVID-19 tests that Verséa sent to GS Labs in Omaha, Nebraska.

<u>**COUNT 1:**</u>
<u>**DECLARATORY JUDGMENT CLAIM**</u>

24.    Counterclaim Plaintiffs reincorporate herein Paragraphs 1 through 23 of their Counterclaim as if fully set forth again.

25.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., this Court has the power to issue and declare declaratory judgments and relief.

26.    The Federal Declaratory Judgment Act vests this Court with statutory power to determine and declare the rights and obligations of parties to a contract or an alleged contract.

27.    Mr. Sullivan and GS Labs never ordered or purchased the thousands of COVID-19 tests that Verséa wrongfully claimed that Mr. Sullivan and GS Labs had purchased. Nevertheless, Verséa shipped these COVID-19 tests to GS Labs in Omaha, Nebraska, anyway.

28.    Counterclaim Plaintiffs hereby request that the Court enter a Judgment declaring that Counterclaim Plaintiffs never entered into an agreement or contract with Verséa to purchase these thousands of COVID-19 tests. In addition, Counterclaim Plaintiffs hereby request that the Court enter a Judgment declaring and determining the nature and amount of Counterclaim Plaintiffs' damages (including, but not limited to, Counterclaim Plaintiffs' costs, fees, expenses, shipping costs, lost time, lost income, lost profits, and other incidental and consequential damages in an amount to be proven at trial that exceeds $75,000, exclusive of interest and costs) due to Verséa's actions and/or omissions related to their wrongful shipment of the COVID-19 tests to GS Labs.

29.    In the alternative, Counterclaim Plaintiffs hereby request that the Court enter a Judgment declaring that even if there were an alleged agreement or contract

between Counterclaim Plaintiffs and Verséa regarding the purchase of the COVID-19 tests, then such alleged agreement or contract is invalid or unenforceable against Counterclaim Plaintiffs for one or more reasons (including, but not limited to, based upon the statute of frauds) and that Counterclaim Plaintiffs are not liable to Verséa for any alleged breach of such alleged agreement or contract.

WHEREFORE, Counterclaim Plaintiffs pray for Judgment against Verséa on Count 1 of their Counterclaim for their general and special damages; pray for a Declaratory Judgment and Relief as outlined above in Paragraph 28 (or alternatively Paragraph 29) of their Counterclaim; prejudgment and post-judgment interest thereon at the highest legal rate; the costs of this lawsuit; attorney fees; and for such further relief as the Court deems just and equitable.

## COUNT 2:
## NEGLIGENCE CLAIM

30.     Counterclaim Plaintiffs reincorporate herein Paragraphs 1 through 29 of their Counterclaim as if fully set forth again.

31.     Verséa's improper shipment of thousands of unordered and unpurchased COVID-19 tests to GS Labs in Omaha, Nebraska, was a proximate result of the negligence of Verséa and/or its agents, employees, and/or joint venturers, which consisted of acts and/or omissions, including, but not limited to, one or more of the following:

(a)     Failing to ensure that COVID-19 tests were not improperly sent to GS Labs;

(b)     Failing to have processes, systems, or records in place to verify purchase orders for Verséa's products and services (including, but not limited to, COVID-19 tests);

(c)     Failing to maintain control of Verséa's company and operations such that unordered, unpurchased, and unwanted products and services (including, but not limited to, COVID-19 tests) were not improperly shipped;

(d)     Failing to use reasonable care to ensure that GS Labs and/or Mr. Sullivan had actually ordered and purchased such COVID-19 tests; and/or

(e)     Failing to otherwise exercise reasonable and proper care under the circumstances.

32.     As a direct and proximate result of the negligence of Verséa and/or its agents, employees, and/or joint venturers, Counterclaim Plaintiffs have incurred and/or will incur damages, fees, and expenses, including, but not limited to, shipping costs, lost time, lost income, lost profits, and other incidental and consequential damages in an amount to be proven at trial.

33.     The amount of damages that Counterclaim Plaintiffs have sustained exceeds the sum of $75,000, exclusive of interest and costs.

WHEREFORE, Counterclaim Plaintiffs pray for Judgment against Verséa on Count 2 of their Counterclaim for their general and special damages; prejudgment and post-judgment interest thereon at the highest legal rate; the costs of this lawsuit; attorney fees; and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendants pray for a trial by jury on all matters raised herein in the United States District Court located in Omaha, Nebraska.

GS LABS and GABE SULLIVAN, Defendants

By:   _____
Jordan W. Adam, #23723
Brian J. Fahey, #25753
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
jadam@fraserstryker.com
bfahey@fraserstryker.com
ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Defendants' Answer, Counterclaim, and Demand for Jury Trial was served via U.S. mail on this 16th day of December, 2022, upon the following:

Joshua P. Cittadino
Sanvenero & Cittadino
228 Maple Avenue
Red Bank, New Jersey 07701
jcittadino@thesclawoffice.com

By: _____

Jordan W. Adam, #23723

21424-66657/2927517